IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                                         ORDER

                Plaintiff,

                                                                         98-cv-583-bbc

     v.

DR. SHAKEAB ALSHABKHOUN and
A&A FARMS,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      On April 10, 2009, I entered an order granting the parties' joint motion to terminate defendants Dr. Shakeab Alshabkhoun's and A&A Farms's prospective obligations under the consent decree. Defendants filed a motion for reconsideration of this order under Fed. R. Civ. P. 59(e) and 60(b), seeking release of funds defendant Alshabkhoun placed in escrow. I denied this motion in a May 7, 2009 order. Now defendants have filed another motion under Rules 59(e) and 60(b), this time seeking reconsideration of the May 7 order.

      Defendants reiterate their argument that future restoration work cannot be funded with Alshabkhoun's escrowed funds because termination of the consent decree relieved them of any prospective obligations. I rejected this argument in the May 7, 2009 order,

1

concluding that it would be premature to order the release of the funds deposited by Alshabkhoun because the restoration work on the property is not yet completed. In defendants' second motion for reconsideration, they respond by providing the court with exhibits detailing the December 2008 sale of the property to Dane County. They argue that under the terms of the sales agreement, Dane County has agreed to assume the remaining consent decree obligations. Unfortunately for defendants, they cannot use a Rule 59 motion to advance arguments that could and should have been made before the court rendered a judgment or to present evidence that was available earlier. LB Credit Corp. v. Resolution Trust Corp., 49 F.3d 1263, 1267 (7th Cir. 1995); King v. Cooke, 26 F.3d 720, 726 (7th Cir. 1994).

Insofar as defendants attempt to characterize their motion as one under Rule 60(b), such motions "must be shaped to the specific grounds for modification or reversal listed in Rule 60(b)—they cannot be general pleas for relief." United States v. Deutsch, 981 F.2d 299, 301 (7th Cir. 1992). Yet defendants' motion appears to be a general plea for relief, as they do not explain which specific Rule 60(b) grounds apply in this case. To the extent they focus on evidence suggesting that Dane County has agreed to assume the remaining consent decree obligations, such new information is not "newly discovered evidence" under which Rule 60(b)(2) might apply, because defendants and Dane County entered into their sales agreement well before the court terminated the consent decree and denied defendants' first

2

motion for reconsideration. Accordingly, I must deny defendants' second motion for reconsideration.

ORDER

IT IS ORDERED that the motion of defendants Dr. Shakeab Alshabkhoun and A&A Farms for reconsideration of the court's May 7, 2009 order pursuant to Fed. R. Civ. P. 59(c) and 60(b), dkt. #169, is DENIED.

Entered this 24th day of June, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3